# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| STEVEN C. SMITH, as conservator for Brandon Jeffries, a minor, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LAINIE ALEXANDER and MIKE KEY, )<br>)<br>Defendants. ) | Case No. 5:15-cv-02200-CLS |

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion to remand,[1] and defendants' responses to this court's order to show cause why they should not be required to pay plaintiff's attorney fees and costs incident to the removal, pursuant to 28 U.S.C. § 1447(c).[2]  In support of his motion to remand, plaintiff states the following:

1. This action was initiated in Cullman County naming as defendants Lainie Alexander and Mike Key.  Both are over the age [of] nineteen and residents of the State of Alabama.  Both individuals are employed by the Cullman County Department of Human Resources, however each defendant is sued solely in their [*sic*] individual capacity.  (Compl. at ¶¶ 2, 3)

2. The Complaint alleges three causes of action:  Negligence; Wantonness; and Outrage.  *Each count is premised on the*

---

[1] Doc. no. 8.

[2] Doc. nos. 14, 15.

> *violation of state regulations, state law and policies*. (Compl. at ¶9)
>
> 3. Plaintiff alleges the defendants acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of law in their acts and conduct. (Compl. at ¶16)
>
> 4. The defendants, ignoring the plain language of the complaint, make the following statement: "The Complaint alleges that the Defendants, acting under the color of the State of Alabama, negligently, wantonly, and intentionally deprived B.J. [the minor plaintiff] of rights, privileges or immunities secured by the Constitution and laws causing him damage". (¶3 of the Notice of Removal)
>
> 5. *The above statement does not appear in the Complaint. There are no claims premised on the U.S. Constitution, federal law or regulation. There are no federal claims disguised as state claims.* The complaint is unambiguous that the claims are premised on state regulations, law and policies relating to placement and services, including medication and education. (Compl. at ¶16)
>
> 6. Defendants [*sic*] entire Notice of Removal, based on this falsehood, converts each state claim into some perceived federal equivalent. (¶ 3, 4, 5, 6, 7 of the Notice of Removal)

Doc. no. 8 (Motion to Remand), at ECF 2-3 (alterations and emphasis supplied).[3]

---

[3] "ECF is the acronym for Electronic Case Filing, a filing system that allows parties to file and serve documents electronically." *Atterbury v. Foulk*, No. C-07-6256 MHP, 2009 WL 4723547, *6 n.6 (N.D. Cal. Dec. 8, 2009). Bluebook Rule 7.1.4 allows citation to "page numbers generated by the ECF header." *Wilson v. Fullwood*, 772 F. Supp. 2d 246, 257 n.5 (D.D.C. 2011) (citing The Bluebook: A Uniform System of Citation R. B. 7.1.4, at 21 (Columbia Law Review Ass'n *et al.* Eds., 19th ed. 2010)). Even so, the Bluebook recommends "against citation to ECF pagination in lieu of original pagination." *Wilson*, 772 F. Supp. 2d at 257 n.5. Thus, unless stated otherwise, this court will cite to the original pagination in the parties' pleadings. When the court cites to pagination generated by the ECF header, it will, as here, precede the page number with the letters "ECF."

A federal district court may possess subject-matter jurisdiction over an action under either the federal question statute, or the diversity of citizenship statute. *See* 28 U.S.C. §§ 1331, 1332. The court has reviewed the complaint, and finds that plaintiff pled only state-law claims of negligence,[4] wantonness,[5] and outrage,[6] and pled no violation of the United States Constitution or any other federal law. *See* U.S.C. § 1331. Moreover, diversity jurisdiction does not exist, because all parties are citizens of the State of Alabama.[7] *See* 28 U.S.C. § 1332(a)(1). Accordingly, this court concludes that it lacks subject-matter jurisdiction over this action, and that the action is due to be remanded to the Circuit Court of Cullman County, Alabama.

Plaintiff also seeks to recover expenses and attorney fees pursuant to 28 U.S.C. § 1447(c), which states, in pertinent part:

> If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded. An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c) (emphasis supplied).

The Supreme Court has stated, with regard to the discretionary fee-shifting provision of 28 U.S.C. § 1447(c), that by

---

[4] Doc. no. 1-1 (Complaint), ¶¶ 18-20.
[5] *Id.* ¶¶ 21-23.
[6] *Id.* ¶¶ 24-26.
[7] *Id.* at 1.

3

>enacting the removal statute, Congress granted a right to a federal forum to a limited class of state-court defendants. If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious. *See Christiansburg Garment* [*Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422 (1978)] (awarding fees simply because the party did not prevail "could discourage all but the most airtight claims, for seldom can a [party] be sure of ultimate success"). But there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases.
>
>   Congress, however, would not have enacted § 1447(c) if its only concern were avoiding deterrence of proper removals. Instead, Congress thought fee shifting appropriate in some cases. *The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.* Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.
>
>   In light of these "'large objectives,'" [*Independent Federation of Flight Attendants v.*] *Zipes*, [491 U.S. 754, 759 (1989)], the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an *objectively reasonable basis* for seeking removal. Conversely, when an *objectively reasonable basis* exists, fees should be denied. *See, e.g.*, *Hornbuckle*, 385 F.3d at 541; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (CA5 2000).

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005) (first and third

alterations and emphasis supplied, second alteration in original).

This court ordered defendants to show cause why they should not be required to pay such fees.[8] Defendants respond that they had an "objectively reasonable basis" for removing the action: that is, Alabama's so-called "notice pleading standard," which governs the construction of plaintiff's state-law complaint, provided them with notice of the existence of federal claims; and, if they had failed to remove the action within thirty days of receiving such notice, they would have risked waiving their right of removal.[9] Specifically, defendants state:

> 3.    This Court found that the Plaintiff only pled state law claims of negligence, wantonness, and outrage, and pled no violation of the United States Constitution or any other federal law. Respectfully, the Defendant [*sic*] disagrees with this court's findings. Although the Plaintiff's complaint explicitly names state causes of action and does not explicitly name any federal law claim, under Alabama's rules of pleading, the Plaintiff's complaint gives adequate notice to the Defendants of federal questions claims [*sic*] as stated in the Defendants' Joint Notice of Removal.
>
> 4.    "Alabama employs a notice pleading standard, which notably does not incorporate *Iqbal* or *Twombly* pleading standards. *See Thomas v. Williams*, 21 So. 3d 1234, 1236 n.1 (Ala. Civ. App. 2008) (refusing to apply *Twombly* to state court standards). Notice pleading must "provide defendants adequate notice of the claims against them." *Ex parte International Ref. & Mfg. Co.*, 972 So. 2d 784, 789 (Ala. 2007); *See also*, A. R. Civ. P. 8,

---

[8] *See* doc. no. 13 (Order to Show Cause).

[9] *See* doc. no. 14 (Defendant Alexander's Response to Show Cause Order and Motion to Reconsider Order of Remand), at ECF 3; doc. no. 15 (Defendant Key's Response to Show Cause Order and Motion to Reconsider Order of Remand), at ECF 3. Although they are not carbon-copies, the pleadings filed by defendants Alexander and Key are substantively the same. The Court therefore will only cite to doc. no. 14 for the remainder of the Opinion.

>> Committee Comments ('the prime purpose of pleadings is to give notice.') . . . The Plaintiff's complaint, having been filed in Alabama, required a liberal reading by the Defendants as to all possible claims it contained. . . . .
>
> 5. These liberal rules of pleading have led Alabama Courts to find that even in cases where claims are not explicitly pleaded, it may still make that claim. . . .
>
> 6. . . . [E]ven though not specifically claimed, if the State Circuit Court found that Plaintiff's complaint put the Defendants on notice of federal question claims, the Defendant would nonetheless be compelled to defend those claims. The Defendants only had thirty days in which to decide whether the Plaintiff's complaint put the Defendants on notice of a federal question claims [*sic*] without benefit of any discovery or pleadings. 28 USCS §1446(b)(1)[.] . . .
>
> 7. . . . The only way to determine whether an objectively reasonable basis existed is to review the Complaint and determine if, under Alabama's rules of pleading, it was reasonable to determine that the Complaint put the Defendants on notice of a federal question claim whether or not that complaint explicitly denoted a federal question claim. Even if the Defendants incorrectly made the determination that they were put on notice of a federal question claim, the Defendants' reasonable interpretation that there was such a notice would equate to an objectively reasonable basis for removal. . . .

Doc. no. 14 (Defendant Alexander's Response to Show Cause Order and Motion to Reconsider Order of Remand), at ECF 3-7 (ellipses and alterations supplied).

Defendants also state that they have not located any authority from either this court or the Eleventh Circuit "that is on point to the issue of whether a pleading which does not specify a federal question claim could nonetheless put the Defendant

6

on notice so that the thirty day limitations period for removal under 28 USCS §1446 begins to run."[10] Even so, they contend that a Northern District of Georgia case, *i.e.*, *Estate of Davis v. DeKalb County*, 952 F. Supp. 2d 1369 (N.D. Ga. 2013), supports their contention that they had an "objectively reasonable basis" for seeking removal.

This court has reviewed *Estate of Davis*. In that case, the plaintiff filed an amended complaint on November 14, 2011, asserting a claim for "violation of constitutional rights," alleging that, "[u]nder color of office and without reasonable suspicion and probable cause, the Defendant police officers improperly and unlawfully detained [him]" and "used objectively unreasonable and excessive force against [him]." *Estate of Davis*, 952 F. Supp. 2d at 1371 (first alteration supplied, second alteration in original). It was not until April 22, 2013 that the defendants removed the action to federal court. *Id.* The plaintiff argued that the removal was untimely, because the generalized statement of a claim for "violation of constitutional rights" asserted in his amended complaint had provided the defendants notice that the case was removable. *Id.* The Northern District of Georgia agreed and remanded the action, reasoning that the defendants had failed to seek removal within thirty days of their receipt "of a copy of an amended pleading, motion, order or other paper from which it [might] first be ascertained" that the case had become removable. *Id.* at

---

[10] Doc. no. 14, ¶ 11.

1373; 28 U.S.C. § 1446(b)(3) (alteration supplied).

The present case is very different. Plaintiff not only did not plead any specific federal claims, but also made no mention of the United States Constitution in his complaint. Moreover, he never employed the plural form of the noun "constitution," on the basis of which one might argue that plaintiff implicitly was basing his claims upon *both* the Alabama *and* United States Constitutions.

Defendants also have asked that this court reconsider its "order of remand," although no such "order" has been entered to date.[11] This court remains convinced that no federal question has been presented, because plaintiff's complaint pled no specific claim arising under the Constitution or other federal law; plaintiff's complaint makes no reference to the Constitution; and plaintiff has explicitly reassured the court that "[t]here are no federal claims disguised as state claims."[12] In the event plaintiff should ever amend his state-court pleadings from which it might be ascertained that a federal claim is asserted, defendants might then consider removal. But, certainly, this removal was unreasonable.

In light of all of the foregoing, the court concludes that plaintiff's motion to remand is due to be granted, and defendants' motion to reconsider is due to be denied.

---

[11] *Id.* at ECF 21.

[12] *See* doc. no. 8 (Motion to Remand), at ECF 3 (alteration supplied).

An order consistent with this opinion will be entered contemporaneously herewith.

**DONE** this 4th day of April, 2016.

_____
United States District Judge